# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-4386

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Robert E. Collier, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: May 18, 2006
Filed: August 10, 2006

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Robert E. Collier pleaded guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court determined that Collier's advisory guidelines range was one hundred eighty-eight months to two hundred thirty-five months, then sentenced him to seventy-two months. The government appeals the sentence as unreasonable. We remand.

## I.    BACKGROUND

Pursuant to a written plea agreement, Collier and the government recommended that Collier be sentenced for possession of 22.81 grams of cocaine base. The Presentence Investigation Report (PSR) set the base offense level at twenty-eight. From that, the PSR deducted three levels for acceptance of responsibility. Collier's criminal history placed him in Category IV, and the guidelines range stood at eighty-four to one hundred five months.

However, because Collier's crime was a controlled substance offense, and he had two prior controlled substance state felony convictions, the PSR classified Collier as a career offender, pursuant to U.S. Sentencing Guidelines Manual § 4B1.1. The career-offender classification changed Collier's base offense level to thirty-four. Applying the three-level deduction for acceptance of responsibility, Collier's total offense level was thirty-one. In addition to the increase in total offense level, the career-offender classification also raised Collier's criminal history category to VI. With the career-offender enhancements, Collier faced a guidelines range of one hundred eighty-eight to two hundred thirty-five months.

At sentencing, Collier did not object to the PSR, and the district court adopted the PSR without change. Collier acknowledged that he was facing sentencing as a career offender, but argued that he was not the "typical" career offender. Collier pointed out that he was a high school graduate, had served four years active duty in the United States Army, had suffered depression since childhood, maintained a work history, tried to support his family, had a good relationship with his daughter, and was fairly successful in pre-trial drug treatment. Defense counsel also pointed out that Collier had participated in drug treatment on his own at least four times.

The district court remarked that Collier's main problem was his drug addiction. The district court warned told Collier that the next time he came to court, he would

spend the rest of his life in jail. The district court noted that one of the problems was that Collier had not received significant time for his previous state drug convictions, which would have made Collier realize the seriousness of his problems. In addition, no drug quantity information was provided from those previous convictions, but that the quantities were likely small because Collier served very short amounts of time.

The district court sentenced Collier to seventy-two months, citing Collier's military history and drug addiction. The government appeals the sentence as unreasonable.

## II.    DISCUSSION

At sentencing, the district court must determine the applicable guidelines range. United States v. Haack, 403 F.3d 997, 1003 (8th Cir.), cert. denied, 126 S. Ct. 276 (2005). Once this range is determined, the court must determine if a traditional departure is appropriate to arrive at a "guidelines sentence." Id. After determining the guidelines sentence, the court must apply the 18 U.S.C. § 3553(a) factors in imposing the sentence. 403 F.3d at 1003.

We engage in a two-step inquiry on review. United States v. Mashek, 406 F.3d 1012, 1016-17 (8th Cir. 2005). We review the district court's determination of the guidelines sentence de novo and findings of fact for clear error. Id. at 1017. We then review a decision to sentence outside of the guidelines range for abuse of discretion, and the ultimate sentence imposed for reasonableness, taking into account the factors present in 18 U.S.C. § 3553(a). 406 F.3d at 1017-18.

In this case, the district court correctly determined the "applicable guidelines range," as required by Haack. 403 F.3d at 1003. The district court then abruptly sentenced Collier to a sentence significantly lower than this range, giving only a cursory explanation, pointing to Collier's cocaine addiction, the lenity of previous

state court sentences, and his military service. Though we do not require "robotic incantations" from sentencing judges, United States v. Lamoreaux, 422 F.3d 750, 756 (8th Cir. 2005), non-guidelines sentences "'are reasonable so long as the judge offers appropriate justification under the factors specified in 18 U.S.C. § 3553(a). How compelling that justification must be is proportional to the extent of the difference between the advisory range and the sentence imposed.'" United States v. Claiborne, 439 F.3d 479, 481 (8th Cir. 2006) (quoting United States v. Johnson, 427 F.3d 423, 426-27 (7th Cir. 2005)).

The district court failed to elucidate its reasoning sufficiently for this court to affirm Collier's sentence, which is significantly lower than the sentencing range. We also note that Collier urged the district court not to sentence him as a career offender, and the actual sentence imposed was well below the guidelines range. Yet, on the record before us, the district court did not consider whether a traditional departure was appropriate in determining the "guidelines sentence." Haack, 403 F.3d at 1003. Because the court sentenced Collier significantly below the applicable guidelines range, without either considering a traditional departure or detailing a compelling justification for a non-guidelines sentence, we remand for resentencing.

## III.  CONCLUSION

This matter is remanded for proceedings consistent with this opinion.

_____