# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1777

_____

United States of America,               *
                                  *

        Appellee,                *

                                  *      Appeal from the United States

    v.                      *      District Court for the

                                  *      Eastern District of Arkansas.

Marshall Tingle,              *

                                  *          [PUBLISHED]

        Appellant.             *


_____

Submitted: April 21, 2008
Filed: May 1, 2008

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

     Marshall Tingle appeals the district court's[1] denial of his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines Manual (USSG), which reduced the base offense levels in USSG § 2D1.1(c) based on the quantity of cocaine base (crack).

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

In accordance with Congress's directive to the United States Sentencing Commission to assure that the guidelines specify a sentence for career offenders "to a term of imprisonment at or near the maximum authorized," 28 U.S.C. § 994(h), the career offender guideline requires an alternative method for calculating a defendant's offense level when it results in a higher offense level than the otherwise applicable offense level, see USSG § 4B1.1(b). A career offender's base offense level under § 4B1.1 is based on the statutory maximum sentence applicable to the defendant's present offense of conviction. In Mr. Tingle's case, the ordinary offense level based on his drug quantity under USSG § 2D1.1(c) was a level 26. The alternative career offender calculation based on the statutory maximum sentence under § 4B1.1(b) was a level 34. After receiving a three-level acceptance of responsibility adjustment, Tingle was originally sentenced under the higher career offender guideline at a final offense level of 31 with a corresponding sentencing range of 188 to 235 months, and he received a sentence of 200 months of imprisonment.

Although courts "may not modify a term of imprisonment once it has been imposed,"§ 3582(c), Congress has provided an exception for defendants who were "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)," § 3582(c)(2). Although the Sentencing Commission lowered the offense levels in USSG § 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under USSG § 4B1.1, which is what set Tingle's sentencing range. Because Tingle was not sentenced based on a sentencing range that has since been lowered, he has not met the eligibility requirements for a reduction of his sentence under § 3582(c)(2). Application of Amendment 706 would not lower his applicable guidelines range. See USSG § 1B1.10(a)(2)(B) (Suppl. Mar. 3, 2008) ("A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if–an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

The district court's judgment denying Mr. Tingle any relief pursuant to the new amendments is summarily affirmed.  <u>See</u> 8th Cir. R. 47A(a).

_____