# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1829

_____

United States of America,      *
    *
         Appellee,     *
    *     Appeal from the United States
     v.     *     District Court for the
    *     Eastern District of Arkansas.
Keifer Dewayne Thomas,     *
    *     [PUBLISHED]
         Appellant.     *


_____

Submitted: April 22, 2008
Filed: May 8, 2008

_____

Before WOLLMAN, HANSEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Keifer Dewayne Thomas appeals the district court's[1] denial of his motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the United States Sentencing Guidelines Manual (USSG), which reduced the base offense levels in USSG § 2D1.1(c) based on the quantity of cocaine base (crack).

---

[1]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas.

A career offender's base offense level is determined under USSG § 4B1.1 based on the statutory maximum sentence applicable to the defendant's present offense of conviction when that offense level is higher than the offense level resulting from the otherwise applicable guidelines calculation. Mr. Thomas was sentenced as a career offender, and his sentencing range was therefore determined by § 4B1.1, not by § 2D1.1. Although the Sentencing Commission lowered the offense levels in USSG § 2D1.1(c) related to crack cocaine drug quantities, it did not lower the sentencing range for career offenders under USSG § 4B1.1, which is what set Thomas's sentencing range. Mr. Thomas has therefore not met the eligibility requirements for a reduction in his sentence. See § 3582(c)(2) (allowing resentencing for defendants who were originally "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission"). Application of Amendment 706 would not lower Thomas's applicable guideline range. See United States v. Tingle, No. 08-1777, 2008 WL 1902055, at *1 (8th Cir. May 1, 2008); USSG § 1B1.10(a)(2)(B) (Suppl. Mar. 3, 2008) ("A reduction . . . is not authorized under 18 U.S.C. § 3582(c)(2) if–an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

The district court's judgment denying Mr. Thomas any relief pursuant to the new amendments is summarily affirmed. See 8th Cir. R. 47A(a).

_____