NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 15, 2009
Decided January 28, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 08-3342

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Illinois, Western Division. |
| *v.* | |
| | No. 05-CR-50052 |
| KENNETH R. DOWTHARD, | |
| *Defendant-Appellant*. | Philip G. Reinhard, |
| | *Judge*. |

**O R D E R**

In the belief that Amendment 706 to the U.S. Sentencing Guidelines entitles him to a lower sentence, Kenneth Dowthard filed a motion pursuant to 18 U.S.C. § 3582(c)(2) on May 8, 2008, seeking a reduction in his sentence. In 2006, Dowthard had been convicted following a guilty plea of possession of crack cocaine with intent to distribute it and of unlawful possession of a firearm by a felon. See 21 U.S.C. § 841(a)(1); 18 U.S.C. § 922(g)(1). When the time came for sentencing, the parties agreed that Dowthard was a career offender as defined in U.S.S.G. § 4B1.1, and thus that his offense level was 32 prior to a reduction for acceptance of responsibility and his criminal history was VI. The district court calculated

an advisory sentencing range of 151 to 188 months and imposed a sentence of 156 months. Dowthard appealed on various grounds, but this court affirmed his conviction and sentence. See *United States v. Dowthard*, 500 F.3d 567 (7th Cir. 2007).

On November 1, 2007, Amendment 706 to the Sentencing Guidelines became effective. In general, it reduced the base offense level applicable to crack cocaine offenders. Later, on December 11, 2007, the Sentencing Commission added Amendment 706 to the list of amendments in U.S.S.G. § 1B1.10(c) that may be applied retroactively.

This is what prompted Dowthard's motion, but, as we held recently in *United States v. Forman*, Nos 08-2177 *et al.*, 2009 WL 140502 (7th Cir. Jan. 22, 2009), the benefits of Amendment 706 are not available to people in Dowthard's position. The following passage explaining why Gregory Forman's motion under § 3583(c)(2) was properly rejected applies with equal force to Dowthard's situation:

> Forman challenges the denial of his § 3582(c)(2) motion and the denial of his motion to (again) appoint counsel. He cannot prevail in his pursuit of a lesser sentence because Amendment 706 provides no benefit to career offenders. See *United States v. Liddell*, 543 F.3d 877, 882 n. 3 (7th Cir.2008); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir.2008); *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir.2008); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir.2008); see also *Harris*, 536 F.3d at 813 ("[A] sentence entered under the career offender guideline, § 4B1.1, raises no *Kimbrough* problem because to the extent it treats crack cocaine differently from powder cocaine, the disparity arises from a statute, not from the advisory guidelines."). Forman's guidelines range was 262 to 327 months before Amendment 706, and it remains so. Here, "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline" – namely the career-offender provision. U.S.S.G. § 1B1.10, cmt. n. 1(A).

*Forman*, 2009 WL 140502 at *3.

Dowthard's guidelines range, like Forman's, resulted from the application of the career offender guideline, not the drug guidelines. Amendment 706 had nothing to say about career offenders, and so the district court properly denied Dowthard's motion.

AFFIRMED.