

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2009

# USA v. Eric Lamont White

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3570

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Eric Lamont White" (2009). *2009 Decisions*. Paper 1484.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1484

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 08-3570

———————

UNITED STATES OF AMERICA

v.

ERIC LAMONT WHITE,
Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court  No. 2-05-cr-00232-001
District Judge: The Honorable John R. Padova

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 14, 2009

Before: McKEE, SMITH, *Circuit Judges*
and STEARNS, *District Judge**

(Filed: April 23, 2009)

———————

OPINION

———————

STEARNS, *District Judge.*

Defendant Eric White appeals the District Court's Order denying a motion to reduce

his sentence pursuant to 18 U.S.C. § 3582(c)(2).  The motion is based on a recent amendment

———————

*The Honorable Richard G. Stearns, District Judge for the United States District Court
for Massachusetts, sitting by designation.

to the United States Sentencing Guidelines retroactively authorizing a two-level reduction of the base offense score for offenses involving cocaine base (crack cocaine). White, who pled guilty to the distribution of 50 grams or more of crack cocaine, was sentenced as a career offender by the District Court to 120 months imprisonment. Because Amendment 706 does not affect the applicable sentencing range for a career offender, we will affirm.[1]

I.

The facts, as related in the Presentence Investigation Report (PSR), can be summarized as follows. In June of 2004, a Drug Enforcement Administration (DEA) confidential informant purchased 80 grams of crack cocaine from White for $2,900. On April 20, 2005, White was indicted for distributing in excess of 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1). White pled guilty pursuant to a cooperation agreement with the government. Prior to White's plea, the government filed a prior convictions notice pursuant to 21 U.S.C. § 851, which had the effect of increasing the mandatory minimum sentence applicable in White's case to life imprisonment. In the plea agreement, White stipulated to the sale of the 80 grams of crack cocaine, that he was a career offender as defined by U.S.S.G. § 4B1.1, and that his base offense level as a result was 37. The plea agreement also specified that White was entitled to a three-level reduction for acceptance of

---

[1]Amendment 706, which took effect on November 1, has the general effect of "decreas[ing] by two levels the [crack cocaine] base offense levels." *United States v. Wise*, 515 F.3d 207, 219 (3d Cir. 2008). On December 11, 2007, the Sentencing Commission added Amendment 706 to the list of amendments set out in U.S.S.G. § lB1.10(c) that may be applied retroactively (effective March 3, 2008).

responsibility.[2]

At the sentencing hearing, the District Court found that White's adjusted offense level was 34, and given a Criminal History Category of VI, his Guidelines range was 262 to 327 months. However, as the court noted, the Guidelines range was "trumped" by the mandatory minimum term of life imprisonment. Prior to the hearing, the government moved for a substantial assistance departure pursuant to U.S.S.G. § 5K1.1, and for relief from the mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e). At the hearing, both government counsel and White's lawyer stressed White's significant and "tireless" cooperation with the government. White's counsel noted that without the career offender enhancement, White's total offense level would have been 29 and his Criminal History Category III, resulting in a Guidelines sentencing range of 108 to 135 months.

The District Court granted the motion for a downward departure. In imposing sentence, the court observed that while no longer facing a mandatory life sentence, White nonetheless was a "constant offender." The Court determined that White's cooperation merited a downward departure of seven to nine levels, noting that an eight-level departure resulted in level 34/category VI with a Guidelines sentencing range of 120 to 150 months. The Court imposed a sentence of 120 months, roughly at the mid-point of the recommended

---

[2]The Probation Office determined that the base offense level without the career offender enhancement was 32. Because White qualified as a career offender, by operation of U.S.S.G. § 4B1.1, his criminal history category was elevated to level VI.

Guidelines range.[3]

On June 23, 2008, White filed the instant motion for reduction of sentence. White argued that he was eligible for the reduction because his sentence "was based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The government opposed the motion, arguing that White was not eligible for a reduction because his Guidelines range was anchored to the mandatory minimum sentence of life imprisonment, and/or the career offender provision, and was therefore not governed by the crack cocaine guideline, U.S.S.G. § 2D1.1. On August 13, 2008, the District Court denied White's motion, observing that White's sentence was not "based on a sentencing range that has been subsequently lowered by the Sentencing Commission."

II.

This Court reviews the District Court's denial of White's motion for a sentence reduction for abuse of discretion. *See United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008). On appeal, White repeats the argument that he made to the District Court, that section 3582(c)(2) permits a reduction in sentence where the sentence imposed "was based on a sentence range that has subsequently been lowered." White maintained that at his original sentencing, the Court

---

[3]At sentencing, the District Judge stated that "the sentencing guidelines, based on the rationale, and for the reasons that I've given, do reflect the range in which you should be sentenced, and I have therefore determined to sentence you to 120 months, which is around the middle of the 29, III, range, and at the same time, represents the bottom of the range, if we downwardly depart under the sentencing guidelines, for the extensive cooperation by eight levels."

not only discussed [his] original § 2D1.1 range before imposing a sentence squarely within that range, it limited the extent of the downward departure granted to Mr. White so that his ultimate sentence would fall within the now-lowered § 2D1.1 range. Mr. White's original sentence was , therefore, "based on a sentencing range that has subsequently been lowered."

After the parties' briefing of the appeal, this Court "joined many of our sister circuits" in holding that Amendment 706 "provides no benefit to career offenders." *See United States v. Mateo*, ___ F.3d ___, 2009 WL 750411 *3 (3d Cir. March 24, 2009), *citing as in accord United States v. Forman*, 553 F.3d 585, 589-590 (7th Cir. 2009) (per curiam); *United States v. Ayala-Pizarro*, 551 F.3d 84, 85 (1st Cir. 2008); *United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1327-1328 (11th Cir. 2008); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008). Like White, Mateo argued that his sentence was "'based on' the base offense level of § 2D1.1(c) because the District Court consulted that section in calculating his offense level." *Id.*

> However, Mateo ignores the words that follow "based on" in the statute authorizing modification of sentence: the defendant must have been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (emphasis added). This language is clear and unambiguous: "[t]he term 'sentencing range' clearly contemplates the end result of the overall guideline calculus, not the series of tentative results reached at various interim steps in the performance of that calculus." *United States v. Caraballo*, 552 F.3d 6, 10 (1st Cir. 2008). Therefore, pursuant to the statute, "if an amended guideline does not have the effect of lowering the sentencing range actually used at sentencing, the defendant's sentence was not based on that range within the intendment of the statute." *Id*. Amendment 706 only affects calculation under § 2D 1.1(c), and the lowering of the base offense level under § 2D 1.1(c) has no effect on the application of the career offender offense level required by § 4B1.1. . . . "[T]o say that the defendant's sentence was 'based on' the crack cocaine guideline strains credulity." *Caraballo*, 552 F.3d at 10.

*Id.* at 2.

5

Based upon our reasoning in *Mateo*, we will affirm the judgment of the District Court.