

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-12-2009

# USA v. Clark

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2759

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Clark" (2009). *2009 Decisions.* Paper 1374.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1374

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-2759
_____

UNITED STATES OF AMERICA

v.

TRAVIS CLARK,
Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 04-cr-00165-001)
District Judge:  Honorable Richard P. Conaboy

_____

Submitted Under Third Circuit LAR 34.1(a)
February 6, 2009

Before:  RENDELL and ROTH, <u>Circuit</u> <u>Judges</u> and
HAYDEN, <u>District</u> <u>Judge</u>*

(Filed: May 12, 2009 )

_____

OPINION OF THE COURT

_____

*Honorable Katharine S. Hayden, District Judge for the District of New Jersey (Newark),
sitting by designation.

HAYDEN, <u>District</u> <u>Judge</u>**.**

Travis Clark ("Clark") appeals an order of the United States District Court for the Middle District of Pennsylvania denying his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). For the reasons that follow, we will affirm.

**I.**

We write for the parties' benefit and discuss only those facts necessary to resolve the appeal. On May 4, 2004, Clark was indicted on one count of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of crack-cocaine, in violation of 21 U.S.C. § 846, and five counts of distribution and possession with intent to distribute crack-cocaine, in violation of 21 U.S.C. § 841(a)(1). On May 17, 2005, he pleaded guilty to distribution and possession with intent to distribute an unspecified quantity of crack-cocaine. Clark's plea agreement contained a stipulation that he was a career offender.

The sentencing court accepted the stipulation, and determined that Clark's adjusted offense level was 29, with a criminal history category of VI, calling for a sentencing range of 151-188 months. The government filed a motion under U.S.S.G. § 5K1.1 based on Clark's substantial assistance, and recommended a two-level downward departure to offense level 27, which for a category VI offender provides a sentencing range of 130 to 162 months. The court granted the motion and sentenced Clark to 130 months' imprisonment. Clark did not appeal the sentence.

On March 7, 2008, Clark filed a *pro se* motion in the district court to reduce his

2

sentence pursuant to 18 U.S.C. § 3582(c)(2) as a result of the Sentencing Commission's retroactive amendment to the drug quantity table. *See* U.S.S.G. App. C, Amend. 706 (2007) ("Amendment 706") (amending portions of U.S.S.G. § 2D1.1(c)). The district court denied the motion on June 4, 2008, making this finding: "The Defendant does not qualify for a sentence reduction as he is a career offender as defined at U.S.S.G. Section 4B1.1. His status as a career offender, not the amount of cocaine base (crack), was used to compute his sentencing guideline." Order Denying Mot. to Modify Sentence (attached to Appellant's Brief in Support of Appeal ("App. Br.")). This timely appeal followed.

## II.

We have appellate jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We exercise plenary review over the interpretation of criminal statutes, *see United States v. Howerter*, 248 F.3d 198, 200 (3d Cir. 2001), as well as the construction of the Sentencing Guidelines, *see United States v. Thompson*, 70 F.3d 279, 280-81 (3d Cir. 1995).

## III.

Clark argues that a full review of his sentence under 28 U.S.C. § 3553(a) is warranted under the retroactive crack-cocaine guideline amendment, because his sentence was "based on" the crack-cocaine offense to which he pleaded guilty. We disagree. Clark's sentence was imposed under § 4B1.1, not under the crack-cocaine guideline (§ 2D1.1) that Amendment 706 modified after Clark was sentenced. The district court, when it denied Clark's motion, explicitly reaffirmed that fact. As such the court properly concluded that it

3

lacked statutory authority to modify Clark's sentence under 18 U.S.C. § 3582, which states

in pertinent part:

> (c) *Modification of an imposed term of imprisonment.* The court may not modify a term of imprisonment once it has been imposed except that:
>
> . . .
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission,* . . . upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section [28 U.S.C. §] 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (emphasis added). This language imposes a threshold requirement

that the "sentencing range that has subsequently been lowered" must be the sentencing range

that was actually applied in arriving at the sentence imposed. Because the range that the

district court applied in sentencing Clark remained unaffected by Amendment 706, review

under § 3553(a) is unavailable to him because he is ineligible for a sentencing reduction

under 18 U.S.C. § 3582(c)(2).

Additionally, a reduction of Clark's sentence would violate § 3582(c)'s requirement

that any modification be "consistent with applicable policy statements issued by the

Sentencing Commission." 18 U.S.C. § 3582(c). The relevant policy statement appears in

§ 1B1.10(a)(2):

4

(2) *Exclusions*—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if:

. . .

(B)  an amendment listed in subsection (c)[1] does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.C. § 1B1.10(a)(2)(B).   Because the then-operative crack-cocaine guideline had no bearing on Clark's original sentence, Amendment 706 could "not have the effect of lowering [his] applicable guideline range." *Id.*

This Court's recent precedential opinion in *United States v. Mateo*, 560 F.3d 152 (3d Cir. 2009) forecloses the relief which Clark now seeks.  The facts presented in *Mateo* were identical in all material respects to those now before us, and we discern no basis for distinction.  *See id.* at 152-56; *see also United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1328-30 (11th Cir. 2008); *United States v. Thomas*, 524 F.3d 889, 889-90 (8th Cir. 2008); *United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008); *United States v. Liddell*, 543 F.3d 877, 882 & n.3 (7th Cir. 2008).

## IV.

Lacking statutory authority to entertain Clark's motion in the first instance, the district

---

[1] Amendment 706 is such an amendment listed in U.S.S.G. § 1B1.10(c).

court properly did not conduct a review of the original sentence under the § 3553(a) sentencing factors. We will therefore affirm.