# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3306

_____

United States of America,          *
                               *

          Appellant,       *

                               *   Appeal from the United States
      v.                      *   District Court for the
                               *   Eastern District of Missouri.

Robert E. Collier,             *

                               *

          Appellee.       *

_____

Submitted: April 15, 2009
Filed:  September 21, 2009

_____

Before RILEY, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

In 2005, Robert E. Collier pled guilty to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1).  At his first sentencing, the district court sentenced Collier to 72 months imprisonment.  After this court remanded for resentencing, see United States v. Collier, 191 F. App'x 514 (8th Cir. 2006) (unpublished per curiam), Collier was resentenced to 120 months imprisonment.  In 2008, Collier moved to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2).  The district court granted Collier's motion and reduced his sentence to 70 months imprisonment.  The government appeals.  Because Collier's

sentence was not eligible for reduction under section 3582(c)(2), we vacate and remand.

## I.

On January 8, 2004, Collier was approached by an officer with the St. Louis Police Department after the officer witnessed Collier quickly place an object into his jacket pocket. After a warrant check revealed active warrants for Collier, the officer placed him under arrest. A search incident to Collier's arrest revealed 22.81 grams of a substance later determined to be cocaine base ("crack cocaine"). On August 30, 2005, Collier pled guilty to possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). Prior to sentencing, the United States Probation Office prepared a presentence investigation report (PSR). The PSR calculated Collier's offense level as 25, see United States Sentencing Commission, Guidelines Manual, §2D1.1(c)(6) (Nov. 2004), after a three-level reduction for acceptance of responsibility, see id. §3E1.1, and a criminal history category of IV. However, Collier's extensive criminal history qualified him as a career offender under USSG §4B1.1, and raised his offense level to 31—after the three-level reduction for acceptance of responsibility—and his criminal history category to VI. This resulted in an advisory Guidelines range of 188 to 235 months imprisonment. But for the career offender enhancement, Collier's Guidelines range would have been 84 to 105 months imprisonment.

At the sentencing hearing, neither party made objections to the PSR, and the district court adopted it without change. After noting Collier's history of military service and his addiction to crack cocaine, the court sentenced Collier to 72 months imprisonment, which represented a 116-month downward variance from the bottom end of Collier's advisory Guidelines range. The court explained Collier's sentence this way:

The guidelines say 188 to 235 [months]. . . . I agree that I think your problem is mainly drug addiction. And you did honorably serve this country in the military with a few problems, but you were honorably discharged. And it seems to suggest that you have some leadership capability.

 . . .

The Court is going to sentence you to 72 months. Now, [t]he Court feels that this is appropriate because your main problem is that you are a cocaine addict. You need to get up off this, because next time you come back, they are going to bury you. You understand? . . . I think that is sufficient in this instance. One of the problems here is that you did not get an appropriate sentence perhaps in those other cases. I think it should have been more significant. And that is one of the things here with your addiction. The appropriateness of previous sentences to make you recognize the seriousness of this problem, your cocaine addiction, and [t]he Court looks favorably upon your honorable service to this country in the United States military. So 72 months.

(Sent. Hr'g Tr. 7:1–12:6, Nov. 17, 2005.) The government appealed this sentence as substantively unreasonable, and this court remanded for resentencing. Collier, 191 F. App'x at 515–16. At the resentencing hearing, the district court again adopted the PSR without change, and resentenced Collier to 120 months imprisonment. The court based this sentence on factors similar to those in its original sentence, including "the age that [Collier] will be at the time that he is released from custody, his military service, and his whole addiction." (Resent. Hr'g Tr. 15:19–15:21, Oct. 12, 2006.) This sentence was 68 months lower than the bottom end of the advisory Guidelines range, and 15 months above what Collier's Guidelines range would have been, but for the career offender enhancement. Neither party appealed this sentence.

In April 2008 Collier moved, first pro se and then through appointed counsel, for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). Collier based this motion on Amendment 706, as modified by Amendment 711, which reduced base

offense levels for crack cocaine cases by two levels.[1]  USSG App. C, Amend. 706.
The district court granted Collier's motion and reduced his term of imprisonment to
70 months.

The government now appeals, arguing that because Collier was sentenced as a
career offender, he is not eligible for a sentence reduction under section 3582(c)(2)
and Amendment 706.

II.

Section 3582(c)(2) authorizes a court to reduce a defendant's sentence "in the
case of a defendant who has been sentenced to a term of imprisonment based on a
sentencing range that has subsequently been lowered by the Sentencing Commission."
18 U.S.C. § 3582(c)(2).   In Amendments 706, 711, and 713, the Sentencing
Commission retroactively lowered the sentencing range for certain drug offenses by
amending section 2D1.1 of the Guidelines.  Gamble, 572 F.3d at 474.  We have held
that Amendment 706 is not applicable to defendants who were sentenced under the
career offender provisions of the Guidelines.  See United States v. Tingle, 524 F.3d
839, 840 (8th Cir.) (per curiam), cert. denied 129 S. Ct. 473 (2008) ("[T]he Sentencing
Commission . . . did not lower the sentencing range for career offenders under USSG
§ 4B1.1 . . . ."); see also United States v. Miranda, 524 F.3d 840, 841 (8th Cir. 2008)
(per curiam); United States v. Thomas, 524 F.3d 889, 890 (8th Cir. 2008) (per
curiam).  We review de novo "whether the district court properly determined it had
the authority to modify a sentence under 18 U.S.C. § 3582(c)(2)."  United States v.
Baylor, 556 F.3d 672, 673 (8th Cir. 2009) (per curiam).

---

[1]Shortly after passage of Amendment 706, the Commission gave it retroactive
effect.  USSG App. C, Amend. 713; see also United States v. Gamble, 572 F.3d 472,
474 (8th Cir. 2009).

Collier argues that his sentences—both the 72-month original sentence and the 120-month resentence—were based not on the career offender enhancement, but on section 2D1.1 of the Guidelines, and that because the Sentencing Commission lowered the offense levels in section 2D1.1, section 3582(c)(2) permits reduction of his sentence. This argument contradicts the record, which clearly indicates that both the parties and the court understood Collier to have been sentenced as a career offender. At Collier's first sentencing, the PSR recommended a Guidelines range based on the career offender enhancement, the court adopted that PSR without change, the court expressly found the career offender enhancement to be applicable, and both parties made reference to the career offender enhancement during the sentencing hearing. On appeal of Collier's first sentence, both parties acknowledged that Collier was sentenced as a career offender. See Appellant Br. 10, Collier, 191 F. App'x 514 ("Neither party disputed the applicable Sentencing Guidelines range of 188–235 months imprisonment."); Appellee Br. 8, Collier, 191 F. App'x 514 ("The district court determined the correct advisory guideline range to be 188 to 235 . . . ."). In remanding the case for resentencing, this court also acknowledged that Collier was correctly sentenced as a career offender. See Collier, 191 F. App'x at 515, 516 (noting that the district court calculated Collier's Guidelines range based on the career offender enhancement, and finding that "the district court correctly determined the applicable guidelines range") (internal quotations omitted). At resentencing, the court again adopted the PSR without change, and both parties made reference to the career offender enhancement during the resentencing hearing. Given such evidence in the record, we are not persuaded by Collier's argument that we should now understand his sentence to have been based not on the career offender enhancement, but on section 2D1.1.

Additionally, Collier's argument misunderstands how the Sentencing Guidelines are applied. "'The Sentencing Commission directs courts to apply the guidelines provisions in a specific order.'" United States v. Tolliver, 570 F.3d 1062, 1065 (8th Cir. 2009) (quoting United States v. Doe, 564 F.3d 305, 311 (3d Cir.

2009)). A sentencing court must proceed in ascending order through the Guidelines "by first calculating the base offense level under Chapter 2, then adjusting that level for various factors listed in Chapter 3, and then determining the criminal history category under Part A of Chapter 4 and any adjustments under Part B of Chapter 4, such as the enhanced offense levels for career offenders." Id. Collier's PSR followed this procedure by first analyzing his Guidelines range under section 2D1.1, then moving on to his range as a career offender under section 4B1.1.

Collier's argument that his sentence was nevertheless not "based on" the career offender enhancement is the same argument that the First Circuit rejected in United States v. Caraballo, 552 F.3d 6 (1st Cir. 2008), cert. denied 129 S. Ct. 1929 (2009). In Caraballo, the defendant pled guilty to two counts of possessing cocaine base with intent to distribute. Id. at 7. The district court determined that his criminal record qualified him as a career offender, which yielded a Guidelines range of 151 to 188 months imprisonment. Id. at 7–8. The court then sentenced the defendant to 108 months imprisonment. After the Sentencing Commission promulgated Amendment 706, the defendant moved for reduction of his sentence under section 3582(c)(2), which the court denied, concluding that it lacked authority to reduce defendant's sentence because he had been sentenced as a career offender. Id. On appeal, the defendant essentially argued that "even though his sentence was not dictated exclusively by the crack cocaine guideline, it was 'based on' that guideline because that guideline was a way station along the road that the district court traveled in arriving at the appropriate sentencing range." Id. at 9. The First Circuit rejected this argument, noting that "even though the defendant received a non-guideline sentence, that had no effect on the sentencing range applicable in his case . . . ." Id. at 11.

Collier's argument here fails for the same reasons. While the PSR may have contemplated the section 2D1.1 drug quantity table before reaching the section 4B1.1 career offender enhancement, it ultimately based the Guidelines range on section 4B1.1. The district court adopted the PSR without change both at Collier's original

sentencing and subsequent resentencing, and both parties framed their sentencing arguments in terms of the career offender enhancement. That the district court departed significantly from the advisory Guidelines range when sentencing Collier does not change the analysis. Thus, because Collier was sentenced as a career offender, his sentence was unaffected by Amendment 706 and section 3582(c)(2). The district court lacked authority to reduce Collier's sentence and erred in granting his motion.

## III.

Accordingly, we vacate Collier's reduced sentence of 70 months imprisonment and we reinstate his sentence of 120 months imprisonment.

_____