# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-20375
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

ANTHONY WAYNE CLARK,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:99-CR-628-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Anthony Wayne Clark, federal prisoner # 87836-079, pled guilty to four counts of distribution of cocaine base, two counts of aiding and abetting possession with intent to distribute cocaine base, one count of carrying a firearm during a drug trafficking offense, and one count of conspiracy to possess with intent to distribute cocaine base. He was sentenced as a career offender under U.S.S.G. § 4B1.1. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on the United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Sentencing Commission's adoption of Amendment 706, which modified the sentencing ranges applicable to crack cocaine offenses to reduce the disparity between crack cocaine and powder cocaine sentences. *See* U.S.S.G. app. C amend. 706 (2007). The Government has filed a motion for summary affirmance or, alternatively, for an extension of time to file a brief on the merits.

Clark argues that although he was sentenced as a career offender under § 4B1.1, the district court nevertheless had discretion to reduce his sentence under § 3582(c)(2). He also contends that a mandatory application of the policy statements set forth in U.S.S.G. § 1B1.10 would violate the plain language of § 3582(c)(2), the district court's obligation to consider the 18 U.S.C. § 3553(a) factors, and the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). He further asserts that the district court erred in initially sentencing him as a career offender.

We review Clark's arguments de novo. *See United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009), *cert. denied*, No. 09-6657, 2009 WL 3073270 (Nov. 2, 2009). Section 3582(c)(2) permits the discretionary modification of a defendant's sentence where the sentencing range is later lowered by the Sentencing Commission, "if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir. 1997). Eligibility for consideration under § 3582(c)(2) is triggered only by an amendment that lowers the applicable Guidelines range. *See* U.S.S.G. § 1B1.10 cmt. n.1(A) (2008).

Clark's Guideline range was not derived from the quantity of crack cocaine involved in the offense, but rather from his career-offender status. The district court therefore was correct in concluding that a sentence reduction was not permitted under § 3582(c)(2). *See* 18 U.S.C. § 3582(c)(2). Moreover, Clark's argument that the district court had the discretion to reduce his sentence under § 3582 in light of *Booker* is unavailing because "the concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding." *Doublin*, 572 F.3d at 238;

*see also United States v. Shaw*, 30 F.3d 26, 29 (5th Cir. 1994) (holding that issues that do not apply to retroactive Guidelines amendments are not cognizable under § 3582(c)(2)). Although the Guidelines must be treated as advisory in an original sentencing proceeding, *Booker* does not prevent Congress from incorporating a Guideline provision "as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." *Doublin*, 572 F.3d at 239 (internal quotation marks and citation omitted).

Clark furthermore may not use his § 3582(c)(2) motion to challenge the appropriateness of the district court's application of the career-offender enhancement in its calculation of his original sentence. As we have previously stated, "[a] § 3582(c)(2) motion is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995). The application of § 1B1.10 is mandatory, *Doublin*, 572 F.3d at 238, and § 1B1.10 requires a district court to "leave all other guideline application decisions unaffected" in reducing a defendant's sentence under § 3582(c)(2).

\* \* \*

Accordingly, the judgment of the district court is AFFIRMED; the Government's motion for summary affirmance is GRANTED; and the Government's motion for an extension of time is DENIED as unnecessary.