[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13816
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 25, 2010
JOHN LEY
CLERK

D. C. Docket No. 01-06244-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD SAPP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 25, 2010)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Leonard Sapp, a federal prisoner convicted of conspiracy to possess with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute at least 5 grams of crack cocaine, in violation of 21 U.S.C. § 841, appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). He contends that Amendment 706 to the sentencing guidelines provides a basis for a reduction of his sentence, even though he was sentenced as a career offender. Recognizing that this argument is squarely foreclosed by our opinion in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), Sapp requests that we overturn prior precedent in order to provide him his requested relief. We decline to do so.[1]

We review de novo a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2). Moore, 541 at 1326. Once it is established that 18 U.S.C. § 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion. United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing

_____

[1]      We need not address this argument because our opinion in United States v. Moore can only be overruled by the en banc court. See United States v. Woodard, 938 F.2d 1255, 1258 (11th Cir. 1991).

Commission. 18 U.S.C. § 3582(c)(2). Here, however, the district court lacked such authority.

Any sentencing reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. A reduction of a term of imprisonment is not "consistent with applicable policy statements issued by the Sentencing Commission"—and is, therefore, not authorized under § 3582(c)(2)—if the retroactive amendment does not have the effect of lowering the defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). "The effect of Amendment 706 is to provide a two-level reduction in base offense levels for crack cocaine offenses." Moore, 541 F.3d at 1325. Because Sapp's career offender status, not his base offense level, determined his sentencing range, he cannot show that Amendment 706 had the effect of lowering his applicable guidelines range. See Moore, 541 F.3d at 1330 ("Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence.").[2] See also U.S.S.G. § 1B1.10, cmt. n.1(A)

_____

[2] We note the unanimous agreement of our sister circuits on this issue as applied to defendants like Moore who were sentenced as career offenders. United States v. Wesson, 583 F.3d 728, 729 (9th Cir. 2009); United States v. Perdue, 572 F.3d 288, 291-93 (6th Cir. 2009); United States v. Martinez, 572 F.3d 82, 84-85 (2d Cir. 2009) (per curiam); United States v. Mateo, 560 F.3d 152, 154-56 (3d Cir. 2009); United States v. Forman, 553 F.3d 585, 589-90 (7th Cir. 2009) (per curiam); United States v. Caraballo, 552 F.3d 6, 9-12 (1st Cir. 2008); United States v. Sharkey, 543 F.3d 1236, 1238-39 (10th Cir. 2008); United States v. Tingle, 524 F.3d

3

(stating that a reduction under § 3582(c)(2) is not authorized where "the amendment . . . is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision"). As in Moore, although Amendment 706 would reduce his base offense level, it would not affect [his] guideline range because he was sentenced as a career offender under § 4B1.1. 541 F.3d at 1330. Therefore, Amendment 706 provides no basis for a sentencing reduction.

Moreover, Clark's argument that, irrespective of the Sentencing Commission's policy statements regarding sentencing reductions, see U.S.S.G. § 1B1.10(a)(2)(B), the district court had the discretion to reduce his sentence under § 3582 in light of Booker is unavailing. We have held that Booker is inapplicable to proceedings under § 3582(c)(2) because they are not full resentencing hearings. United States v. Melvin, 556 F.3d 1190, 1193 (11th Cir. 2009).

In sum, because the record shows that Sapp's sentencing range was determined by application of the career-offender guideline in § 4B1.1 and not

---

839, 839-40 (8th Cir. 2008) (per curiam). See also United States v. Davis, No. 09-7727, 2010 WL 331458, at *1 (4th Cir. Jan. 27, 2010); United States v. Clark, No. 08-20375, 2009 WL 4057163, at *1 (5th Cir. Nov. 24, 2009).

4

under § 2D1.1, the district court properly determined that it lacked authority under § 3582(c)(2) to modify Sapp's 360-month term of imprisonment in light of Amendment 706. Accordingly, we affirm.

**AFFIRMED.**[3]

---

[3] Appellant's request for oral argument is denied.