NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 15, 2010
Decided April 29, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 09-3563

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | |
| | No. 02-cr-00977-1 |
| KELVIN DORDEN, | |
| *Defendant-Appellant*. | James F. Holderman, |
| | *Chief Judge*. |

**O R D E R**

Kelvin Dorden pled guilty to distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), and on March 13, 2003, he was sentenced to 151 months imprisonment as a career offender under United States Sentencing Guideline § 4B1.1.  In 2007, the Sentencing Commission reduced the base offense levels for crack cocaine offenses and made the changes retroactive.  See U.S.S.G. § 2D1.1(c); U.S.S.G. Supp. to App. C 226-31 (2008) ("Amendment 706").  Dorden moved to reduce his sentence under 18 U.S.C. § 3582(c)(2), pursuant to which the sentencing court may reduce a sentence that was imposed based on a guideline sentencing range that has since been lowered, with retroactive effect.  Finding that 18 U.S.C. § 3582(c)(2) did not permit a reduction of Dorden's sentence, the district court

denied his motion.  We affirm.

18 U.S.C. § 3582(c)(2) states that:

in the case of a defendant who has been sentenced to a term of imprisonment based on a
sentencing range that has subsequently been lowered by the Sentencing Commission
pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the
Bureau of Prisons, or on its own motion, the court may reduce the term of
imprisonment, after considering the factors set forth in section 3553(a) to the extent that
they are applicable, if such a reduction is consistent with applicable policy statements
issued by the Sentencing Commission.

If Dorden had been sentenced under Sentencing Guideline § 2D1.1(c), which applies
different offense levels to different drug quantities and was amended to reduce the base
offense levels for crack cocaine offenses after Dorden was sentenced, section 3582(c)(2)
might have authorized a sentence reduction.  But Dorden's sentence was not based on
section § 2D1.1(c).  His sentence was based on section 4B1.1, which applies to career
offenders and was not amended.  As the Sentencing Commission has explained, "a
reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C.
§ 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not
have the effect of lowering the defendant's applicable guideline range because of the
operation of another guideline or statutory provision (e.g. a statutory mandatory minimum
term of imprisonment)."  U.S.S.G. § 1B1.10, cmt. n.1(A).  Here the unamended career
offender guideline operated to trump the amended crack cocaine guideline.  Dorden
therefore is not eligible to seek a reduction of his sentence under section 3582(c)(2).

Our decision in *United States v. Foreman*, 553 F.3d 585 (7th Cir. 2009), controls.  Foreman
was also sentenced as a career offender and sought resentencing under 18 U.S.C.
§ 3582(c)(2) when the drug quantity guidelines were amended.  We explained then:
"Amendment 706 provides no benefit to career offenders."  553 F.3d at 589, citing *United
States v. Liddell*, 543 F.3d 877, 882 n.3 (7th Cir. 2008); *United States v. Sharkey*, 543 F.3d 1236,
1239 (10th Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1327-28 (11th Cir. 2008); *United
States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008).

Dorden's arguments that his ultimate sentence was based on section 2D1.1(c) and not on
section 4B1.1 are not persuasive.  He argues that before  considering a defendant's status as
a career offender, section 1B1.1 directs a sentencing court to consider the drug quantity
involved in the underlying offense.  However, a career offender's ultimate sentence is not
based "in part" on the initial guideline range of section 2D1.1 because that range is
completely trumped by the career offender guidelines of section 4B1.1.  The offense level for
the career offender guideline is governed by the unchanged statutory maximum for the

offense of conviction, not by the amended drug quantity provisions of section 2D1.1.

Also, Dorden offers *United States v. Hedgebeth*, 2008 WL 2719574 (E.D. Pa. July 10, 2008), in which the court had found that the applicable guideline range was 60 to 71 months but then imposed its initial sentence of 48 months, a sentence that was 12 months below the statutory minimum sentence and the bottom of the range. But Hedgebeth was not a career offender. He was a cooperating defendant who obtained the government's motion pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. On Hedgebeth's later motion to reduce his sentence under section 3582(c)(2) based on Amendement 706, the court stated that because it had considered the original applicable guideline range in determining how much of a reduction was warranted for Hedgebeth's assistance to the government when it imposed the original sentence, it was "at least to some extent, influenced by, and therefore 'based [in part] on a sentencing range that has been subsequently lowered' within the meaning of § 3582(c)(2)." *Id*. at *1. The court's decision to reduce his sentence simply followed Advisory Note 3 to U.S.S.G. § 1B1.10, which advises that a sentence below an original guideline range may also be reduced where a retroactive amendment affects the original range. The considerations that operated to Hedgebeth's advantage simply are not applicable here and do not help Dorden.

Dorden's reliance on language in *Witte v. United States*, 515 U.S. 389 (1995), is also misplaced. Witte argued that he was protected under the Double Jeopardy Clause from prosecution for a cocaine smuggling offense because the quantity of cocaine at issue had been taken into account when he was sentenced for a separate marijuana smuggling offense. The Supreme Court disagreed, finding that it was not "punishment" for the sentencing court to take into account uncharged criminal conduct in setting – and enhancing – Witte's sentence. The Double Jeopardy Clause did not prohibit Witte from later being prosecuted for the enhancing conduct. 515 U.S. at 399-400. Dorden relies upon language in *Witte* that refers generally to the drug guideline under which Witte was sentenced as the "applicable Guideline:"

> By including the cocaine from the earlier transaction – and not just the marijuana involved in the offense of conviction – in the drug quantity calculation, the District Court ended up with a higher offense level (40), and a higher sentence range (292 to 365 months), than it would have otherwise *under the applicable Guideline*, which specifies different base offense levels depending on the quantity of the drugs involved. U.S.S.G. § 2D1.1.

*Witte*, 515 U.S. at 399 (emphasis added). Based on this language, Dorden argues that the underlying offense (marijuana smuggling for Witte, distribution of crack cocaine for Dorden) provides the *applicable* guideline, and that other considerations (cocaine smuggling for Witte, career offender status for Dorden) are *enhancements* to that applicable guideline.

*Witte* does not support that interpretation.  In *Witte*, only one sentencing guideline – section 2D1.1 – was in play in determining the appropriate base offense level, which was determined by considering both the charged and uncharged quantities of drugs involved in Witte's drug smuggling enterprise.  Witte's charged conduct (marijuana smuggling) and the uncharged conduct (cocaine smuggling) fell under the same applicable sentencing guideline.  One drug did not trump the other for sentencing purposes.  In Dorden's case, although he was charged with distribution of crack cocaine, he was sentenced as a career offender under the career offender guideline because, for sentencing purposes, his status as a career offender completely eclipsed the guideline calculations for crack cocaine distribution.

Because Dorden is not eligible for a reduction in sentence under section 3582(c)(2), we need not address his argument that he would also be entitled to a full sentencing rehearing. The decision of the trial court is affirmed.