# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1059

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Derrick D. Blackmon, | * | |
| | * | [PUBLISHED] |
| Appellee. | * | |

_____

Submitted: October 19, 2009
Filed: October 27, 2009

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

The district court reduced Derrick D. Blackmon's sentence from 200 months to 162 months, after Amendment 706 to the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2). The government appeals, arguing that the original sentence was based on his career offender range under section 4B1.1 of the Sentencing Guidelines; this range was not lowered by Amendment 706; and thus he is not eligible for a sentence reduction under section 3582(c)(2). *See* U.S.S.G. § 1B1.10, comment. (n.1(A)) (eligibility for consideration under section 3582(c)(2) is triggered only by an amendment that lowers the applicable guideline range).

When a defendant is found to be a career offender under section 4B1.1, the applicable guideline range under section 3582(c)(2) is his career offender range, even

if the actual sentence is a downward departure from it. *See United States v. Collier*, 581 F.3d 755, 759 (8th Cir. 2009) (holding that, although "the district court departed significantly from the advisory Guidelines range," the defendant "was sentenced as a career offender"); *United States v. Tolliver*, 570 F.3d 1062, 1066-67 (8th Cir. 2009) (holding that, despite subsequent downward departure, the "applicable guideline range" for purposes of section 3582(c)(2) is the defendant's career offender range).

Here, at the original sentencing, the district court adopted the presentence investigation report, finding Blackmon to be a career offender under section 4B1.1. In its Order Regarding Motion for Sentence Reduction, the district court determined that the Guidelines range, prior to any departures, was the career offender range of 262 to 327 months. As in *Collier* and *Tolliver*, the district court sentenced below the career offender range. However, unlike *Collier* and *Tolliver*, the district court in this case departed from the career offender range based on overstated criminal history under section 4A1.3(b)(3)(A) (before then varying downward after consideration of the 18 U.S.C. § 3553(a) factors). Even so, section 4B1.1 provided the applicable guideline range from which the district court departed. Because Blackmon's sentence was based on his career offender range, he is not eligible for a sentence reduction under section 3582(c)(2).

Blackmon's reduced sentence of 162 months imprisonment is vacated, the sentence of 200 months imprisonment is reinstated, and the case remanded for proceedings consistent with this opinion.

_____