FILED
United States Court of Appeals
Tenth Circuit

February 17, 2010

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COREY L. DARTON,

Defendant - Appellant.

No. 09-1137

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 1:05-CR-00114-REB-1)

---

Rudy E. Verner, Davis Graham & Stubbs LLP, Denver, Colorado, for Appellant.

John M. Hutchins, Assistant U.S. Attorney (David M. Gaouette, United States Attorney, and Michelle Korver, Assistant U.S. Attorney, with him on the brief), Denver, Colorado, for Appellee.

---

Before **TACHA**, **SEYMOUR** and **LUCERO**, Circuit Judges.

---

**TACHA**, Circuit Judge.

Corey L. Darton appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Amendment 706 to the United States Sentencing Guidelines ("U.S.S.G."). He argues that the district court erred

in determining that his sentence was based on the career-offender provision of the guidelines, *see* U.S.S.G. § 4B1.1, rather than on the provision governing crack cocaine offenses, *see* § 2D1.1(c). We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

On November 15, 2005, Mr. Darton pleaded guilty to unlawful possession of cocaine base (crack cocaine) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). The plea agreement[1] calculated his sentence as follows. Mr. Darton received a base offense level of 26 for the quantity and type of drug under United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c)(7). Two levels were added because he possessed a firearm. *See* § 2D1.1(b)(1). After a three-level reduction for acceptance of responsibility, *see* § 3E1.1, the total offense level was 25. With a criminal history category of IV, the resulting guideline range was 84–105 months' imprisonment. The parties tentatively agreed that Mr. Darton did not qualify as a career offender under § 4B1.1.

Thereafter, the probation office prepared a presentence report ("PSR"). In contrast to the parties' position on the applicability of § 4B1.1, the PSR

---

[1]The plea states that it "is pursuant to Fed. R. Crim. P. 11(c)(1)(C)," which specifies the procedures for a binding plea agreement. It is clear from the entirety of the record, however, that the plea in this case was not a binding one on the court but rather a plea agreement under Rule 11(c)(1)(A) and (B).

determined that Mr. Darton qualified as a career offender under that provision.[2]

If a defendant is a career offender, § 4B1.1 instructs the court to compare the

§ 4B1.1 offense level (which is calculated according to the maximum statutory

sentence for the offense of conviction) to the offense level that would apply in the

absence of the career-offender provision. *See* § 4B1.1(b); *United States v.*

*Jepperson*, 333 F.3d 1180, 1183 (10th Cir. 2003). If the career-offender offense

level is greater than the otherwise applicable offense level, the sentencing court

must use the career-offender offense level and assign the defendant a criminal

history category of VI. *See* § 4B1.1(b); *Jepperson*, 333 F.3d at 1183. In Mr.

Darton's case, the career-offender offense level was 32, *see* § 4B1.1(b)(C), which

was greater than the otherwise applicable level of 25 calculated under § 2D1.1(c).

Thus, the PSR assigned him an offense level of 32, which, after his three-level

reduction for acceptance of responsibility, produced a total offense level of 29.

An offense level of 29 and a criminal history category of VI results in a

recommended guideline range of 151–188 months' imprisonment.

Mr. Darton objected to the career-offender classification. Alternatively, he

argued that even if § 4B1.1 applied, he should be granted a downward departure

---

[2]Under § 4B1.1(a), "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

under §§ 4A1.3 and 5K2.0 because his career-offender status significantly overrepresented the seriousness of his criminal history. At sentencing, the district court agreed with the recommendations of the PSR and determined that the advisory guideline range was 151–188 months. The court then exercised its discretion and departed downward from that range under §§ 4A1.3 and 5K2.0 as requested by Mr. Darton. Ultimately, the court imposed a sentence of 96 months, roughly in the middle of the sentencing range contemplated by the parties in the plea agreement. In departing downward, the court stated:

> [T]he court believes that it should depart downward, and will do so, on the basis of overrepresentation, to offense level 25 and criminal history category IV, which in turn will produce a guideline sentencing range of 84 to 105 months, which importantly is consistent with the tentative expectation of the parties as they presented then known information and circumstances to the court in their plea agreement.

In November 2007, the United States Sentencing Commission promulgated Amendment 706, which is retroactive and generally provides a two-level reduction in the base offense level for crack cocaine offenses under § 2D1.1(c). *See United States v. Rhodes*, 549 F.3d 833, 835 (10th Cir. 2008). Thereafter, Mr. Darton moved for a sentence modification under 18 U.S.C. § 3582(c)(2), arguing that Amendment 706 rendered him eligible for a reduced sentence. The district court denied the motion, stating:

> This case presents the issue of whether the defendant is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 706 when his base offense level is set under the § 4B1.1 career

offender guideline, and thereafter the sentencing court departs downward and imposes a sentence that is less than the advisory range for a career offender. As a matter of law, I conclude and hold . . . that the defendant is not eligible for a sentence modification in those circumstances.

The district court concluded in the alternative that even if Mr. Darton were eligible for relief, it would not exercise its discretion to reduce his sentence. This appeal followed. We conclude that the district court correctly determined that Mr. Darton did not qualify for a sentence modification under § 3582(c)(2). We therefore do not address the district court's alternative ruling.

## II. DISCUSSION

A district court's authority to modify a previously imposed sentence is limited by § 3582(c), and, in this specific case, § 3582(c)(2). The interpretation of § 3582(c)(2) is a question of law that we review de novo. *See Rhodes*, 549 F.3d at 837. Under § 3582(c)(2),

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)[3] . . . the court may reduce the term of imprisonment, . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Put another way, a defendant may have his sentence reduced only if his sentence is "based on a sentencing range that has subsequently been lowered [by Amendment 706]," and only when a reduction is "consistent with applicable

_____

[3]The Sentencing Commission promulgated Amendment 706 pursuant to 28 U.S.C. § 994(o). *Rhodes*, 549 F.3d at 838 n.3.

-5-

policy statements issued by the Sentencing Commission." The applicable policy statements are binding on the district court and are found at U.S.S.G. § 1B1.10. *See Rhodes*, 549 F.3d at 840, 841. Under § 1B1.10(a)(2)(B), a sentence reduction is not authorized if the amendment at issue "does not have the effect of lowering the defendant's applicable guideline range."

We have explained that the two prerequisites to a § 3582(c)(2) sentence reduction—that the defendant's sentence is "based on a sentencing range that has subsequently been lowered" by an amendment and that the amendment would "lower[] the defendant's applicable guideline range"—are "identical" and "convey[] the same meaning." *See United States v. Dryden*, 563 F.3d 1168, 1170–71 (10th Cir. 2009). Thus, for purposes of § 3582(c)(2) motions involving Amendment 706, a sentence is "based on" the § 2D1.1 sentencing range when § 2D1.1 produces the defendant's "applicable guideline range."

Mr. Darton argues that his sentence, which is undisputably a downward departure under §§ 4A1.3 and 5K2.0, is nonetheless "based on" the § 2D1.1 range. Under *Dryden*, then, this also must mean that the § 2D1.1 departure range constitutes the "applicable guideline range." The guidelines, however, preclude such a conclusion because they specifically define a departure under §§ 4A1.3 and 5K2.0 as "a sentence *outside the applicable guideline range*." *See* § 4A1.3 cmt. n.1 ("[T]he terms 'depart', 'departure', 'downward departure', and 'upward departure' have the meaning given those terms in Application Note 1 of the

-6-

Commentary to § 1B1.1"); § 5K2.0 cmt. n.1 (same); § 1B1.1 cmt. n.1(E)

("'Departure' means . . . a sentence outside the applicable guideline range"). Put

another way, a departure only exists *apart from* the applicable guideline range;

there is no such thing as a departure *to* the applicable guideline range. *See United*

*States v. Tolliver*, 570 F.3d 1062, 1066 (8th Cir. 2009).

Because the guideline range to which a court departs cannot constitute the

"applicable guideline range" or, in other words, the range upon which a sentence

is "based" for purposes of a sentence reduction under § 3582(c), it becomes

apparent that the "applicable guideline range" is properly defined as the one

calculated after determining the defendant's total offense level and his criminal

history category but prior to any departures. Our decision in *Dryden* supports this

conclusion. There, we explained that "[a] sentence is 'based on a sentencing

range' when the court imposes sentence after calculating the sentencing range

derived from the defendant's offense level and criminal-history category." 563

F.3d at 1170–71. Thus, "[i]f a change in the guidelines would not lower the

offense level or criminal-history category of the defendant (or lower the

sentencing range for that combination of offense level and criminal history), then

the defendant cannot say that he 'has been sentenced to a term of imprisonment

based on a sentencing range that has subsequently been lowered by the

Sentencing Commission.'" *Id.* at 1171.

Applying this framework in Mr. Darton's case, the "applicable guideline

range" (and, accordingly, the range upon which his sentence is based) is the one calculated via the career-offender provision of § 4B1.1. This range is unaffected by Amendment 706, which only lowers the sentencing range produced by § 2D1.1. *See United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). Put another way, because Amendment 706 "would not lower the offense level or criminal-history category of [Mr. Darton] (or lower the sentencing range for that combination of offense level and criminal history), then [Mr. Darton] cannot say that he 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.'" *Dryden*, 563 F.3d at 1171. Accordingly, the district court lacked authority to reduce Mr. Darton's sentence.

Several circuit decisions support this analysis. In *United States v. Tolliver*, 570 F.3d 1062 (8th Cir. 2009), the defendant entered into a plea agreement which anticipated a sentencing range under § 2D1.1 of 188–235 months' imprisonment. 570 F.3d at 1064. At sentencing, however, the court determined that the defendant qualified as a career offender under § 4B1.1, resulting in a guidelines range of 262–327 months' imprisonment. The district court sentenced him to 262 months. *Id.* The parties later reached a stipulation agreeing that the defendant should be resentenced to 188 months as contemplated by the plea agreement. *Id.* The district court then amended the criminal judgment to impose a 188-month sentence, notwithstanding the court's contemporaneous determination that the

-8-

guideline range was 262–327 months.  *Id.*  On the defendant's subsequent

§ 3582(c)(2) motion for reduction of sentence under Amendment 706, the Eighth

Circuit followed the guidelines' application instructions and definition of

"departure" under § 1B1.1 to hold that the defendant's "'applicable guideline

range,' for the purposes of U.S.S.G. § 1B1.10(a)(2)(B), was established after the

district court determined that [the defendant's] corresponding guideline range as a

career offender was 262–327 months, but before the court departed from that

range."  *Id.* at 1066.  Significantly, the Eighth Circuit explained:

> [P]roper adherence to the [guidelines] will only permit a departure
> from the "applicable guideline range," and thus precludes a departure
> to the "applicable guideline range."  Accordingly, we conclude that
> any post-departure range that the district court might have relied
> upon in determining the extent of [the] departure was not the
> "applicable guideline range."

*Id.*  The Eighth Circuit reached the same conclusion in *United States v. Collier*,

581 F.3d 755 (8th Cir. 2009), holding that a defendant who qualified as a career

offender under § 4B1.1 but received a below-guideline sentence was not entitled

to a reduction under Amendment 706.  *See* 581 F.3d at 759 ("While the PSR may

have contemplated the section 2D1.1 drug quantity table before reaching the

section 4B1.1 career offender enhancement, it ultimately based the Guidelines

range on section 4B1.1. . . .  That the district court departed significantly from the

advisory Guidelines range when sentencing [the defendant] does not change the

analysis.").

The Eighth Circuit subsequently extended its holding in *Tolliver* and

*Collier* to facts even more similar to those presented in Mr. Darton's case. In

*United States v. Blackmon*, 584 F.3d 1115 (8th Cir. 2009), the defendant was

found to be a career offender under § 4B1.1, but, as in Mr. Darton's case, the

district court departed downward from the career-offender range because of

overstated criminal history under § 4A1.3. 584 F.3d at 1116. The Eighth Circuit

succinctly stated why a § 3582(c)(2) reduction pursuant to Amendment 706 was

unauthorized: "When a defendant is found to be a career offender under § 4B1.1,

the applicable guideline range under section 3582(c)(2) is his career offender

range, even if the actual sentence is a downward departure from it." *Id.*

Like the Eighth Circuit, the First Circuit employs a similar approach. In

*United States v. Carabello*, 552 F.3d 6 (1st Cir. 2008), the First Circuit held that a

defendant who qualified as a career offender but received a downward variance

from the career-offender sentencing range was ineligible for a reduction in part

because his applicable guideline range had not been lowered by Amendment 706:

> [E]ven though the defendant received a non-guideline sentence, that
> had no effect on the sentencing range applicable in his case (i.e., the
> sentencing range contemplated by section 3582(c)). Under an
> advisory guidelines system, a variance is granted in the sentencing
> court's discretion *after* the court has established an appropriately
> calculated guideline sentencing range. It is that sentencing range
> that must be lowered by an amendment in order to engage the gears
> of section 3582(c)(2).

552 F.3d at 11 (internal citation omitted).

Mr. Darton relies heavily on the Second Circuit's decision in *United States v. McGee*, 553 F.3d 225 (2d Cir. 2009), and the Eleventh Circuit's decision in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008), in support of his argument that his sentence is "based on" § 2D1.1. Neither of those cases, however, fully analyze § 1B1.10(a)(2)(B)'s instruction that a sentence reduction is authorized only when the amendment at issue lowers the defendant's "applicable guideline range." Because the guidelines "effectively define all departures to be outside the 'applicable guideline range,'" *Tolliver*, 570 F.3d at 1066, an amendment that lowers only the post-departure sentencing range does not provide a basis for a defendant's motion for sentence reduction under § 3582(c)(2). Thus, the Second and Eleventh Circuit's failure to address this issue renders both decisions unpersuasive. *Cf. id.* (declining to follow *McGee* on this basis).

Nor do we agree with Mr. Darton's attempt at oral argument to distinguish *Tolliver* and *Collier* (and, by implication, *Carabello*). Mr. Darton contends that these cases are inapposite because the defendants received downward departures or variances for reasons other than overstatement of criminal history under U.S.S.G. § 4A1.3. (Of course, the defendant in *Blackmon*, a case that was not briefed or mentioned at oral argument, did receive just such a departure.) This distinction is irrelevant. The justification for a downward departure has no bearing on the fact that a departure is, as a matter of law, a sentence outside the

-11-

"applicable guideline range." *See* U.S.S.G. § 1B1.1 cmt. n.1(E); *see also*
*Tolliver*, 570 F.3d at 1065 ("[T]he district court's departure from [the
defendant's] career offender guideline range is *categorically* outside the
'applicable guideline range.'") (emphasis added).

To the extent Mr. Darton suggests that the use of §§ 4A1.3 and 5K2.0 to
depart to the § 2D1.1 guideline range renders the career-offender guideline
inapplicable or acts as a substitute for that guideline, we disagree. Although a
sentencing court is free to exercise its discretion and ultimately impose a sentence
below the "applicable guideline range"—either through a departure or a
variance—the court must calculate the "applicable guideline range" first. That
process entails applying each guideline provision relevant to the particular
defendant's offense and criminal history category, including the career-offender
provision of § 4B1.1, and then determining the range provided by the sentencing
table in Chapter 5, Part A of the guidelines. *See* U.S.S.G. § 1B1.1(a)–(h); *United
States v. Jepperson*, 333 F.3d 1180, 1183 (10th Cir. 2003). Indeed, a district
court's failure to properly calculate the "applicable guideline range" based on its
erroneous determination that § 4B1.1 does not apply to the defendant is grounds
for resentencing. *See United States v. Kristl*, 437 F.3d 1050, 1054–55 (10th Cir.
2006) (explaining that we remand for resentencing when the district court makes a
non-harmless error in applying the guidelines); *United States v. Coronado-
Cervantes*, 154 F.3d 1242 (10th Cir. 1998) (reversing and remanding for

resentencing when the district court erroneously determined that the defendant was not a career offender under § 4B1.1). Thus, the fact that a sentencing court ultimately sentences a defendant to a below-guideline range does not mean that the sentence necessarily falls within the "applicable guideline range;" rather, in such a case, the court has simply selected an alternative sentence determined by the court to be better tailored to the specific circumstances of that particular defendant. *See, e.g.*, U.S.S.G. § 4A1.3 (permitting a downward departure if the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history); § 5K2.0 (permitting a downward departure if there exists a mitigating circumstance of a kind or to a degree not adequately considered by the guidelines themselves); 18 U.S.C. § 3553(a) (instructing sentencing courts to consider the guideline sentence, as well as other factors, in imposing a sentence).

In conclusion, for purposes of a sentence modification under § 3582(c)(2), the "applicable guideline range" and the range upon which a sentence is "based" is, as a matter of law, the range produced under the guidelines' sentencing table after a correct determination of the defendant's total offense level and criminal history category but prior to any discretionary departures. This holding is mandated by the guidelines' definition of a sentencing departure as well as this court's sentencing framework, which requires a sentencing court first to determine the applicable guideline range before deciding whether to exercise its

discretion to impose a non-guideline sentence. Applying our holding to Mr. Darton's case, the applicable guideline range is the range produced under the career offender guideline. Because Amendment 706 does not lower this sentencing range, the district court was not authorized to reduce his sentence under § 3582(c)(2).

## III. CONCLUSION

For the reasons stated above, we AFFIRM the district court's denial of Mr. Darton's motion for a sentence modification.