**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 3, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

CARLOS PEREZ,

     Defendant - Appellant.

No. 15-2150
(D.C. No. 2:04-CR-01308-RB-1)
(D. New Mexico)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

This matter is before us on Carlos Perez's appeal of the denial of his motion under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence based on Amendment 782 to § 2D1.1 of the United States Sentencing Guidelines (Guidelines). Also before us is a brief filed by Mr. Perez's counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), seeking permission to withdraw. We dismiss Mr. Perez's appeal and grant counsel's motion to withdraw.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

On November 17, 2004, Carlos Perez entered into a Plea Agreement, under which he agreed to plead guilty to six drug-related charges:

Count 1: Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2 (distribution of 5 grams and more of methamphetamine, and aiding and abetting); Count 2: Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2 (distribution of less than 5 grams of methamphetamine, and aiding and abetting); Count 3: Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 18 U.S.C. § 2 (distribution of 50 kilograms of marijuana, and aiding and abetting); Count 4: Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 18 U.S.C. § 2 (possession with intent to distribute 50 grams and more of methamphetamine, and aiding and abetting); Count 5: Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(D) and 18 U.S.C. § 2 (possession with intent to distribute less than 50 kilograms marijuana, and aiding and abetting); and Count 6: 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (felon in possession of a firearm).

In exchange for Mr. Perez's guilty plea, the government agreed to support a three-level reduction in Mr. Perez's base offense level, as calculated under the then-applicable Guidelines, for his acceptance of responsibility. U.S.S.G. §§ 3E1.1(a) & (b) (2004). The government also stipulated that Mr. Perez should be sentenced at the low end of the Guidelines sentencing range. By executing the Plea Agreement, Mr. Perez acknowledged that the maximum penalty the district court could impose was life imprisonment and the minimum sentence available was ten years.

After Mr. Perez executed the Plea Agreement, the United States Probation Office prepared a Presentence Investigation Report (PSR), which calculated Mr. Perez's Guidelines sentencing range as a guide for the district court. Of significance here, the PSR indicated that Mr. Perez fell within the career-offender provision of the

Guidelines. U.S.S.G § 4B1.1.[1] This classification resulted in a higher offense level and criminal history category than if Mr. Perez had committed the same current offense, but did not fall within the definition of a career offender. In the absence of the career-offender provision, the quantity of drugs involved in Mr. Perez's current offenses would have set the base offense level at 32. To this would have been applied a two-level increase for possession of firearms and a three-level decrease for acceptance of responsibility, resulting in an adjusted offense level of 31. And because Mr. Perez had nine criminal history points, the Guidelines would have placed him in criminal history category IV, but for his career offender status. Under this scenario, Mr. Perez's Guidelines sentencing range would have been 151 to 188 months. U.S.S.G. Sentencing Table.

But because Mr. Perez was a career offender, the Guidelines set his base offense level at 37. U.S.S.G. § 4B1.1. After applying a three-level reduction based on Mr. Perez's acceptance of responsibility, the PSR calculated his total offense level at 34. And because the career-offense level was greater than the otherwise applicable level, the PSR assigned Mr. Perez a criminal history category of VI. U.S.S.G. § 4B1.1(b). Ultimately, the PSR calculated Mr. Perez's Guidelines sentencing range as 262 to 327 months.

At Sentencing on January 4, 2006, the government indicated that neither it nor counsel for Mr. Perez anticipated the impact of the career offender provision on Mr.

---

[1] The PSR stated that the current offense was a qualifying felony and Mr. Perez had previously been convicted of at least two prior qualifying felonies—Burglary and Distribution of Methamphetamine.

Perez's Guidelines sentencing range. Accordingly, the government agreed to dismiss Count 4 of the indictment in an effort to place him in a Guidelines sentencing range of 188 to 235 months, despite his career offender status. U.S.S.G. Sentencing Table. The government also urged the district court to sentence Mr. Perez at the lowest end of that range, 188 months.

The district court imposed the requested sentence, but did so by a different method. The district court first calculated Mr. Perez's Guidelines sentencing range at 262 to 327 months, due to his career offender status. But the court then departed three levels from the Guidelines offense level of 34 to 31, applied the career offender criminal history level of VI, and recalculated Mr. Perez's Guidelines sentencing range at 188 to 235 months. Finally, the district court sentenced Mr. Perez to 188 months, the lowest available sentence after the three-level departure. Mr. Perez did not appeal his sentence.

On November, 24, 2014, Mr. Perez filed a motion pursuant to 18 U.S.C. § 3582(c)(2) for reduction of his sentence based on Amendment 782 to § 2D1.1 of the Guidelines. Amendment 782 reduced the base levels for certain quantities in the Drug Quantity Table of the Guidelines. U.S.S.G. § 2D1.1(c) (Drug Quantity Table) (2014). Mr. Perez argued the district court's three-level departure amounted to a decision to ignore his career offender status and the sentencing range applicable under § 4B1.1, and to instead sentence him based on the Drug Quantity Table in § 2D1.1. He further argued that a retroactive reduction in the base levels assigned to

4

the drug quantities in § 2D1.1 should reduce his sentence accordingly. The district court summarily denied Mr. Perez's motion.

Mr. Perez filed this appeal, claiming the district court erred in refusing to reduce his sentence based on Amendment 782. Mr. Perez's counsel, however, has filed a brief with this court, seeking relief under the Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967). The Supreme Court in *Anders* allowed defense counsel to seek permission to withdraw from an appeal if, "after a conscientious examination" of the case, counsel concludes the appeal is "wholly frivolous." *Id.* at 744. But the request to withdraw must be accompanied by a "brief referring to anything in the record that might arguably support the appeal." *Id.* And the attorney must also furnish a copy of the *Anders* brief to the client, so that he can "raise any points that he chooses." *Id.* Upon defense counsel's compliance with the requirements of *Anders*, this court must undertake a "full examination of all the proceedings." *Id.* If after that review, we conclude the appeal is, in fact, wholly frivolous, we may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

Counsel for Mr. Perez has complied with the *Anders* procedures here. Counsel filed an *Anders* brief with this court, seeking permission to withdraw and explaining that after "a thorough review of the file and records in this case," she has determined there are no meritorious issues for appeal. Counsel has also provided Mr. Perez a copy of the *Anders* brief and afforded him an opportunity to raise any points he considers non-frivolous. Mr. Perez has availed himself of that opportunity by filing a

response to counsel's *Anders* brief with this court. After conducting our own review of the record, we agree that Mr. Perez has no meritorious grounds for appeal.

## DISCUSSION

Mr. Perez's argument is foreclosed by our decision in *United States v. Darton*, 595 F.3d 1191 (10th Cir. 2010), which dealt with virtually identical facts as present here. The parties in *Darton*, like the parties here, entered into a plea agreement but failed to consider the defendant's career offender status until the PSR calculated his offense level and criminal history category higher than anticipated. *Id.* at 1192-93. Thus, instead of the sentencing range of 84 to 105 months assumed by the parties, Mr. Darton's applicable range was actually 151 to 188 months' imprisonment due to the his career offender status. *Id.* Over Mr. Darton's objections, the district court agreed with the PSR that Mr. Darton was a career offender and calculated his Guidelines sentencing range accordingly. *Id.* But just like the sentencing court here, the court in *Darton* departed downward from that sentencing range. *Id.* Specifically, it reduced Mr. Darton's offense level from 29 to 25 and his criminal history category from VI to IV. This resulted in a sentencing range of 155 to 188 months' imprisonment and an ultimate sentence of 96 months.[2] *Id.* at 93.

Subsequently, the United States Sentencing Commission promulgated Amendment 706, which like Amendment 782 at issue here, reduced the base offense levels for certain drug quantities in the Guidelines. U.S.S.G. § 2D1.1(c) (Drug

---

[2] Here, the sentencing court departed downward by reducing Mr. Perez's offense level, but left his criminal history category at VI, as dictated by the career criminal provision. U.S.S.G. § 4B1.1(b).

6

Quantity Table). Relying on Amendment 706, Mr. Darton filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). *Darton*, 595 F.3d at 1193. The district court denied the motion and the defendant appealed. This court affirmed.

In *Darton*, we explained that a reduction in sentence is available under § 3582(c)(2) only if the defendant's sentence is based on a sentencing range that has subsequently been lowered by a retroactive amendment to the Guidelines. *Id.* at 1194. And we reiterated that a sentence is *based on* a sentencing range "when the court imposes sentence after calculating the sentencing range derived from the defendant's offense level and criminal-history category." *Id.* at 1194–95 (quoting *United States v. Dryden*, 563 F.3d 1168, 1170–71 (10th Cir. 2009)).

Mr. Darton argued that his sentence was calculated based on the offense Drug Quantity Table under § 2D1.1, and that he therefore was entitled to the benefit of Amendment 706. *Id.* at 1194. We rejected that argument, reasoning that the Guidelines define a departure under §§ 4A1.3 and 5K2.0 as "a sentence *outside the applicable guideline range*." *Id.* (quoting U.S.S.G. § 1B1.1 cmt. N. 1(E)). We explained that a Guidelines range to which the court departs cannot have been the Guidelines range on which the court based its calculation of the applicable sentencing range. *Id.* Accordingly, we concluded Mr. Darton's sentence was based on the career offender provision in § 4B1.1, not on § 2D1.1. *Id.* at 1195. Because Amendment 706 "would not lower the offense level or criminal-history category" imposed under § 4B1.1, we held that Mr. Darton "cannot say that he 'has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

7

Sentencing Commission.'" *Id.* (quoting *Dryden*, 563 F.3d at 1171). And therefore, we concluded the district court lacked authority to reduce Mr. Darton's sentence. *Id.*

The same result is mandated here. The district court calculated Mr. Perez's sentence under the career offender provision in § 4B1.1 and arrived at a Guidelines sentencing range of 262 to 327 months. Only after making the "Court Determination of Advisory Guideline Range (Before Departures)," did the court expressly *depart* from that sentencing range and arrive at a new range of 188 to 235 months' imprisonment. Under *Darton*, there is no doubt that Mr. Perez's sentence was based on the career-offender provision, not the Drug Quantity Table in § 2D1.1. *See Darton*, 595 F.3d at 1195–96. And because Amendment 782 did not impact the career-offender provision, Mr. Perez has not been sentenced based on a sentencing range that has since been lowered. *Id.* at 1195.

## CONCLUSION

The district court lacked authority to reduce Mr. Perez's sentence under 18 U.S.C. § 3582(c)(2) because Amendment 782 did not impact his sentence. Mr. Perez has failed to raise any non-frivolous arguments challenging that decision on appeal.

The motion to withdraw is granted and this appeal is dismissed.

Entered for the Court


Carolyn B. McHugh
Circuit Judge

8