FILED
United States Court of Appeals
Tenth Circuit

April 14, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONTE LAMONTE PARKER,

Defendant - Appellant.

No. 15-6100
(D.C. No. 5:10-CR-00118-F-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.

Donte Lamonte Parker appeals from the district court's denial of his motion

to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). After examining his

counsel's *Anders* brief[1] and fully examining the record, we conclude that Mr.

---

[*] The parties have not requested oral argument, and upon examining the briefs and appellate record, this panel has decided that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] The Supreme Court held in *Anders v. California* that if defense counsel determines that her client's appeal is "wholly frivolous," counsel must

(continued...)

Parker's appeal is wholly frivolous and grant his counsel's request to withdraw from further representation of him.

## I

On August 5, 2010, Mr. Parker entered into a plea agreement, under which he agreed to plead guilty to possession with intent to distribute approximately one-half ounce of a mixture or substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). Following the entry of Mr. Parker's guilty plea, the U.S. Probation Office issued a Presentence Investigation Report ("PSR"), which recommended holding him accountable for one kilogram of cocaine base and, accordingly, finding a base offense level of thirty-four under U.S. Sentencing Guidelines Manual ("U.S.S.G." or "Guidelines") § 2D1.1.[2] The PSR found that Mr. Parker additionally qualified as a career offender, and that his base offense level would also be thirty-four under U.S.S.G. § 4B1.1.

At sentencing, the district court sustained Mr. Parker's objection to the drug quantity, finding that the proper base offense level under U.S.S.G. § 2D1.1

---

[1] (...continued) inform the court, request permission to withdraw, and also submit "a brief referring to anything in the record that might arguably support the appeal." 386 U.S. 738, 744 (1967).

[2] In drafting the PSR, the Probation Office relied on the 2010 version of the Guidelines. Mr. Parker does not question that decision on appeal; therefore, as needed, we also use the 2010 version.

was thirty-two, rather than thirty-four. However, the court recognized that U.S.S.G. § 4B1.1 provided the governing offense level and accordingly found that the correct level was thirty-four, despite its favorable ruling on the drug-quantity objection. After taking into account a three-level adjustment for acceptance of responsibility, the district court found that Mr. Parker's total offense level was thirty-one. This level, along with his criminal history category of VI, resulted in a sentencing range of 188 to 235 months' imprisonment. The district court settled on a 200-month sentence.

Following an unsuccessful motion to vacate under 28 U.S.C. § 2255, Mr. Parker filed a pro se motion to have his sentence reduced pursuant to 18 U.S.C. § 3582(c)(2). His motion requested that the court "apply Amendment 782" and reduce his sentence accordingly. R., Vol. I, at 20. In response, the government argued that Mr. Parker was ineligible for a sentence reduction under the amendment because the career-offender guideline controlled the applicable sentencing range. The district court summarily denied the motion.

Mr. Parker timely appealed. Under the framework established in *Anders*, Mr. Parker's counsel filed a brief setting forth one potentially nonfrivolous issue for appeal—namely, whether the district court should have granted Mr. Parker's motion to reduce his sentence pursuant to Amendment 782—and requesting permission to withdraw from further representation of his client. Having independently reviewed the record, we discern no other issues worthy of

3

consideration. Therefore, we turn to the sentence-reduction matter.

## II

"We review for an abuse of discretion a district court's decision to deny a reduction of sentence under 18 U.S.C. § 3582(c)(2)," *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012), reviewing de novo the district court's interpretation of the Guidelines, *United States v. Hodge*, 721 F.3d 1279, 1280 (10th Cir. 2013). Under 18 U.S.C. § 3582(c)(2), a district court may reduce the sentence of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" when the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." Mr. Parker argues that the district court abused its discretion when it concluded that Amendment 782 does not authorize a reduction of his sentence pursuant to § 3582(c)(2). However, we conclude that the district court correctly determined that Amendment 782 does not affect Mr. Parker's sentence.

Amendment 782 reduces the base offense levels assigned to drug quantities in U.S.S.G. § 2D1.1, effectively lowering the Guidelines minimum sentences for drug offenses. *See* U.S.S.G., suppl. to app. C, amend. 782 (U.S. Sentencing Comm'n 2014). This amendment became effective on November 1, 2014 and applies retroactively. However, Mr. Parker was sentenced as a career offender based on U.S.S.G. § 4B1.1—not pursuant to U.S.S.G. § 2D1.1. *See* R., Vol. III,

4

at 62 (Sentencing Tr., dated Dec. 16, 2010) (finding that "the total offense level is 31 resulting from a base offense level of 34, mandated by the career offender guidelines"); *see also* U.S.S.G. § 4B1.1(b) ("[I]f the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply."). Thus, because the district court's sentence was predicated on the base offense level derived from the career-offender guideline (i.e., § 4B1.1), not the one corresponding to the drug-quantity guideline (i.e., § 2D1.1), we have no basis for concluding that the district court abused its discretion in declining to grant Mr. Parker's sentence-reduction motion.

Indeed, a number of cases from panels of our own court and our sister circuits have explicitly held that Amendment 782 has no impact on a sentence established by U.S.S.G. § 4B1.1. *See, e.g.*, *United States v. Perez*, --- F. App'x ----, 2016 WL 827885, at *4 (10th Cir. Mar. 3, 2016) ("[T]here is no doubt that Mr. Perez's sentence was based on the career-offender provision, not the Drug Quantity Table in § 2D1.1. And because Amendment 782 did not impact the career-offender provision, Mr. Perez has not been sentenced based on a sentencing range that has since been lowered.") (citation omitted); *United States v. Gray*, 630 F. App'x 809, 812–13 (10th Cir. 2015) ("Although Amendment 782 retroactively reduces base-offense levels corresponding to the same weight of controlled substances listed in U.S. Sentencing Guidelines Manual § 2D1.1, it has

5

no effect on sentences . . . calculated by applying § 4B1.1, the career-offender guideline." (footnote omitted)); *accord United States v. Smith*, 814 F.3d 802, 804 (6th Cir. 2016) ("[B]ecause Amendment 782 does not have the effect of lowering the applicable Guidelines range due to the operation of § 4B1.1, Smith is not eligible for a sentence reduction under § 3582(c)(2)."); *United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) ("Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1."); *see also* U.S.S.G., suppl. to app. C, at 74 (U.S. Sentencing Comm'n 2014) (stating that "guideline enhancements for offenders who . . . are repeat or career offenders[ ] ensure that the most dangerous or serious offenders will continue to receive appropriately severe sentences"). In line with these authorities, we conclude that Mr. Parker's sentence-reduction motion was meritless.

### III

For the foregoing reasons, we **GRANT** the request of Mr. Parker's counsel to withdraw from further representation. Having fully examined the record, we conclude that Mr. Parker's appeal is wholly frivolous. More specifically, we conclude that the district court lacked jurisdiction over his motion. While we see no error in the district court's decision not to grant Mr. Parker relief, dismissal—rather than denial—is the appropriate disposition of his § 3582

motion.[3]  Therefore, we **REMAND** the case to the district court with the sole instruction that it **VACATE** its order denying Mr. Parker's motion and enter in its stead an order **DISMISSING** his motion for lack of jurisdiction.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[3]  *See United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) ("While we find no fault with the district court's analysis, dismissal rather than denial is the appropriate disposition of Graham's § 3582 motion.").