**UNITED STATES COURT OF APPEALS**  February 17, 2017

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

OMAR MOISES AVILA,

    Defendant - Appellant.

No. 16-2193
(D.C. No. 1:11-CR-00889-MCA-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY** and **MATHESON**, Circuit Judges.[**]

Defendant-Appellant Omar Moises Avila appeals from the district court's

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**]The Honorable Neil Gorsuch sat previously but did not participate in this order and judgment. The practice of this court permits the remaining two panel judges if in agreement to act as a quorum in resolving the appeal. See 28 U.S.C. §46(d); see also United States v. Wiles, 106 F.3d 1516, 1516 n.* (10th Cir. 1997) (noting this court allows remaining panel judges to act as a quorum to resolve an appeal); Murray v. Nat'l Broad. Co., 35 F.3d 45, 48 (2d Cir. 1994), cert. denied, 513 U.S. 1082 (1995) (remaining two judges of original three judge panel may decide petition for rehearing without third judge). After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

dismissal of his motion for a sentence reduction based upon Amendment 782 to the United States Sentencing Guidelines. 18 U.S.C. § 3582(c)(2); 1 R. 26–27 (motion); id. at 40 (order). Mr. Avila's counsel filed a brief and motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and 10th Cir. R. 46.4(B)(1). Our jurisdiction arises under 28 U.S.C. § 1291, and we dismiss the appeal and grant counsel's motion to withdraw.

In 2011, Mr. Avila pled guilty to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and to reentry of a removed alien, in violation of 8 U.S.C. § 1326(a) and (b). 1 R. 11–20. The presentence report listed his initial base offense level as 34 for the drug offense. This was reduced to a total offense level of 26 following the application of downward adjustments for a mitigating role, being a minor participant, and acceptance of responsibility. 2 R. 7–9. When combined with a criminal history category of V, this resulted in a guideline imprisonment range of 110 to 137 months. Id. at 23. At sentencing, the district court departed downward to a criminal history category of IV, resulting in a guideline range of 92 to 115 months. 3 R. 15. The court imposed a sentence of 92 months. 1 R. 22.

On October 9, 2015, Mr. Avila filed a motion for a reduced sentence based on Amendment 782 of the sentencing guidelines. Id. at 26–27. The district court entered an order dismissing that motion for lack of jurisdiction because the change would not lower the sentencing range below what was actually imposed.

Id. at 40.

This appeal followed, and on October 17, 2016, Mr. Avila's counsel filed an Anders brief. Mr. Avila was served with a copy of that brief and given requisite notice by this court, pursuant to 10th Cir. R. 46.4(B)(2). Neither Mr. Avila nor the government has filed a response.

Under Anders, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. The court then must conduct its own examination of the record to determine whether the defendant's claims are indeed wholly frivolous. If it agrees with counsel that the claims are frivolous, it may then grant the motion to withdraw and dismiss the appeal. United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005).

After examining the record, we conclude that Mr. Avila's claims on appeal are frivolous. Under 18 U.S.C. § 3582(c)(2), a district court may modify a term of imprisonment if a defendant was sentenced "based on a sentencing range that has subsequently been lowered." Amendment 782 would have reduced Mr. Avila's base offense level by two levels, meaning that his initial guideline imprisonment range would have been 100 to 125 months. But Mr. Avila's actual sentence of 92 months was not "based" on the sentencing guideline which Amendment 782 changed; instead, it resulted from the district court's downward departure in reducing Mr. Avila's criminal history category from V to IV. Thus,

Mr. Avila does not get the benefit of the amendment. As we have noted before, "a departure is, as a matter of law, a sentence outside the 'applicable guideline range.'" United States v. Darton, 595 F.3d 1191, 1196 (10th Cir. 2010) (citation omitted).

Accordingly, we DISMISS the appeal and GRANT counsel's motion to withdraw.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge