**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 25, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEPHEN VINCENT HUNT,

    Defendant - Appellant.

No. 24-1159
(D.C. No. 1:06-CR-00155-DME-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT[*]**
_____

Before **HARTZ**, **BALDOCK**, and **MORITZ**, Circuit Judges.
_____

Stephen Hunt, a federal prisoner proceeding pro se,[1] appeals the district court's order denying his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines (U.S.S.G. or the Guidelines). The district court had jurisdiction to consider Hunt's motion and did not abuse its discretion in denying it, so we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We liberally construe Hunt's pro se filings, "but we will not act as his advocate." _James v. Wadas_, 724 F.3d 1312, 1315 (10th Cir. 2013).

**Background**

In 2007, a jury convicted Hunt of six counts of armed bank robbery in violation of 18 U.S.C. § 2113 and six counts of using a firearm during those crimes of violence in violation of 18 U.S.C. § 924(c). For each of the six bank-robbery counts, the then-applicable Guidelines calculated an advisory sentencing range of 140 to 175 months based on an offense level of 28 and a criminal-history category of VI. The district court sentenced Hunt to the low end of the range: 140 months for each robbery count, to be served concurrently. For one of the § 924(c) counts—the one involving discharge of a firearm—the district court imposed the mandatory minimum ten-year sentence, to be served consecutively to the robbery sentences. *See* 18 U.S.C. § 924(c)(1)(A)(iii) (2007). For the remaining § 924(c) counts, the statute at the time included a stacking provision that imposed a 25-year mandatory minimum for second or subsequent § 924(c) convictions, so the district court imposed a mandatory minimum of 25 years on each count, also to be served consecutively. *See id.* § 924(c)(1)(C), (D)(ii). In total, Hunt's original sentence was 1,760 months (over 146 years) in prison. But in 2022, in light of Congress's later modification of § 924(c)'s stacking provision and what the district court described as Hunt's "extraordinary rehabilitation during almost sixteen years in prison," the district court granted Hunt's motion for compassionate release under § 3582(c)(1), reducing Hunt's sentence to 25 years. R. vol. 1, 441.

In January 2024, Hunt moved for another sentence reduction, this time under § 3582(c)(2), which allows a reduction "in the case of a defendant who has been

2

sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." In support, Hunt explained that under the Guidelines in use at the time of his sentencing, he received two criminal-history points because he committed the offense while serving a criminal-justice sentence. *See* U.S.S.G. § 4A1.1(d) (2006). But he argued that under Amendment 821, he would receive only one criminal-history point. *See id.* § 4A1.1(e) (2024) (directing addition of one criminal-history point if (1) defendant received seven or more criminal-history points and (2) committed the offense while serving a criminal-justice sentence). Hunt and the government agreed that this would reduce his criminal-history category from VI to V, thereby reducing his Guidelines sentencing range on the robbery counts to 130 to 162 months. The government nevertheless opposed Hunt's requested reduced sentence of 21 years and 6 months, arguing that Hunt was no longer serving a sentence based on Guidelines calculations and that the minimum sentences mandated by statute on the § 924(c) convictions would still require a sentence of at least 35 years.

The district court denied Hunt's motion, stating that "[i]t is far from clear that this [c]ourt has any authority to reduce Hunt's current [25]-year sentence based on Amendment 821. But even assuming such authority, the [c]ourt would not exercise any discretion it has to reduce Hunt's sentence further." R. vol. 1, 495.

Hunt appeals.

**Analysis**

To the extent that the scope of a district court's authority under § 3582(c)(2) is at issue, "our review of the district court's order is de novo." *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013). We otherwise review the denial of a § 3582(c)(2) motion for abuse of discretion. *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). After first determining the district court had jurisdiction, we proceed to the merits of Hunt's motion.

## I.    Jurisdiction

The government first argues that the district court did not have jurisdiction to consider Hunt's motion and asks us to vacate the district court's order with instructions to dismiss, rather than deny, Hunt's motion. We also have an independent duty to assure ourselves of the district court's jurisdiction. *Rio Grande Found. v. City of Santa Fe*, 7 F.4th 956, 959 (10th Cir. 2021).

"A district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). One such instance appears in § 3582(c)(2), which allows a district court to modify a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." To determine whether a subsequent Guidelines amendment has lowered a defendant's sentencing range, courts must "determine the amended [G]uideline[s] range that would have been applicable to the defendant if the

4

amendment(s) to the [G]uidelines . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

The government argues that the district court lacked jurisdiction over Hunt's § 3582(c)(2) motion because "Hunt's sentencing [G]uidelines range has not been lowered by the Sentencing Commission." Aplee. Br. 10. In support, the government emphasizes that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable [G]uideline[s] range, the statutorily required minimum sentence shall be the [G]uideline[s] sentence." U.S.S.G. § 5G1.1(b). Applying that principle here, the government explains that when Hunt was sentenced in 2007, § 924(c)'s stacking provisions subjected him to a total mandatory minimum of 1,620 months (135 years) in prison, which is higher than Hunt's Amendment 821 Guidelines range of 130 to 162 months. The government thus concludes that Amendment 821 does not alter Hunt's Guidelines calculation.

But the government incorrectly contends that Hunt's § 924(c) mandatory minimum supplants his Guidelines range for the robbery counts. That's because § 924(c) sentences must always run consecutively to any other sentences. *See* § 924(c)(1)(A) (providing that such sentences shall be "in addition to the punishment provided" for underlying offense); § 924(c)(1)(D)(ii) ("[N]o term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person . . . ."). Here, for example, when Hunt was sentenced in 2007, the Guidelines range for the bank-robbery counts was 140 to 175 months, based on an offense level of 28 and a criminal-history category of VI. The

district court sentenced Hunt to 140 months on each of the bank-robbery counts, to be served *concurrently*. For the § 924(c) counts, the district court imposed the mandatory minimum of ten years on one count and 25 years on each of the other five counts, all to be served *consecutively*. In sum, the government's argument that the § 924(c) mandatory minimums supplant the Guidelines range for the bank-robbery counts ignores that § 924(c) punishments run consecutively.

And because Amendment 821 does indeed lower Hunt's Guidelines range for his robbery convictions, it likewise lowers his overall Guidelines range. The government does not dispute that under the amendment, Hunt's criminal-history category drops from VI to V, and his sentencing range for the robbery counts drops from 140 to 175 down to 130 to 162 months. Then, Hunt's § 924(c) mandatory minimums are treated as the Guidelines sentences for those counts and are statutorily mandated to run consecutively to that lowered range. *See* § 924(c)(1)(D)(ii); *cf.* U.S.S.G. § 2K2.4(b) (treating § 924(c) mandatory minimums as the Guidelines sentence for those counts). This means that Hunt's Guidelines range at his 2007 sentencing was 140 to 175 months plus 1,620 months, but if Amendment 821 "had been in effect at the time [Hunt] was sentenced," his Guidelines range would have been 130 to 162 months plus 1,620 months.[2] § 1B1.10(b)(1).

---

[2] The government passingly notes Hunt's earlier § 3582(c)(1) reduction to a 25-year sentence in its jurisdictional argument. To be sure, we have held that § 3582(c)(2)'s "based on" clause is jurisdictional. *United States v. C.D.*, 848 F.3d 1286, 1289–90 (10th Cir. 2017). But we must assume that Hunt's 25-year sentence is based on a Guidelines sentencing range because "[t]he Sentencing Reform Act requires a district court to calculate and consider a defendant's Guidelines range in

Hunt's motion thus fell within the authority conferred by § 3582(c)(2) because this is "the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See also United States v. Wall*, No. 24-1315, 2025 WL 274630, at *3 (10th Cir. Jan. 23, 2025) (unpublished) (concluding district court had jurisdiction to consider § 3582(c)(2) motion—even though defendant received sentence below Guidelines range—because Amendment 821 lowered initial Guidelines range).[3] So the district court had jurisdiction to consider Hunt's motion.[4]

---

every case," and "the Guidelines are 'the starting point for every sentencing calculation in the federal system.'" *Hughes v. United States*, 584 U.S. 675, 686 (2018) (quoting *Peugh v. United States*, 569 U.S. 530, 542 (2013)). We see no reason to deviate from this general rule here, and the government proffers none.

[3] We cite unpublished caselaw for persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[4] The government cites our decision in *United States v. White*, 765 F.3d 1240 (10th Cir. 2014), to support its view that the district court lacked jurisdiction. But this case is nothing like *White*. There, after the defendant pleaded guilty to a § 924(c) count with a 60-month mandatory minimum, the district court employed a discretionary, upward departure to impose a sentence of 147 months based on dismissed charges for distributing crack cocaine. *Id.* at 1242–43. The Sentencing Commission later reduced the base offense levels for crack-cocaine offenses, and the defendant moved for a § 3582(c)(2) sentence reduction, asserting that his sentence was "based on" a sentencing range that the Sentencing Commission subsequently had lowered. *Id.* at 1243–44. We rejected this argument, concluding that the defendant's sentence was based on the unchanged 60-month mandatory minimum for § 924(c) offense. *Id.* at 1245–46. Although the amendment arguably impacted the departure, it did not impact the Guidelines sentence because "a departure only exists *apart from* the applicable [G]uideline[s] range." *Id.* at 1248 (quoting *United States v. Darton*, 595 F.3d 1191, 1194 (10th Cir. 2010)). We thus concluded that the *White* district court lacked jurisdiction, *id.* at 1250, because the defendant had not "been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," § 3582(c)(2). Here, however, Hunt *has* been sentenced to a term of imprisonment based on a subsequently lowered range (and not based on a discretionary departure), so *White* does not apply. *See Wall*, 2025

## II.     Merits

Satisfied that the district court had jurisdiction, we next consider the merits of Hunt's Amendment 821 motion. Hunt asks for a remand because the district court dismissed his motion "with no reason specified and no development of the facts." Aplt. Br. 2. To be sure, the district court denied Hunt's motion in a short order. But that order is not the only piece of the record we can consider.

The Supreme Court has held that, for resentencing motions under § 3582(c)(2), the amount of explaining a district court must do "depends . . . upon the circumstances of the particular case." *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018). "The law leaves much, in this respect, to the judge's own professional judgment." *Id.* at 113 (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). When a district court considers a request for a sentence modification, it is not writing on a blank slate; the other sentencing proceedings are also before the judge. *See id.* at 118. Indeed, "a sentence modification is 'not a plenary resentencing proceeding.'" *Id.* at 119 (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)). And so, when considering a § 3582(c)(2) motion on appeal, we can consider "the record as a whole." *Id.* at 118–19.

Viewing the entire record here, we must consider both the district court's order denying Hunt's Amendment 821 motion and its earlier order granting Hunt's

---

WL 274630, at *2–3 (explaining that § 3582(c)(2)'s based-on clause is jurisdictional but its consistent-with clause and required sentencing-factor analysis are not jurisdictional).

compassionate-release motion. Both were entered by the same judge, and the latter order implicitly referenced the earlier order by declining to "to reduce Hunt's sentence *further*." R. vol. 1, 495 (emphasis added). And the earlier compassionate-release order is thorough. It found that Hunt had established extraordinary and compelling reasons for a sentence reduction via "the significant changes to sentencing under § 924(c)(1)(A) combined with his extraordinary rehabilitation during almost sixteen years in prison." *Id.* at 425–26. The order also engaged in a thorough analysis of the § 3553(a) factors, ultimately reducing Hunt's sentence to 25 years. Because the district court incorporated this prior order, we reject Hunt's argument that the district court erred by failing to explain its § 3582(c)(2) decision.

Nor do we see any abuse of discretion in that decision. To be sure, the district court's order is short. But "[t]he record as a whole strongly suggests that the judge . . . believed that, given [Hunt's] conduct, [25 years] was an appropriately high sentence." *Chavez-Meza*, 585 U.S. at 118. So "there was not much else for the judge to say."[5] *Id.* at 119. The district court therefore did not abuse its discretion in denying Hunt's motion. *See* § 3582(c)(2).

---

[5] We note, as well, that the Sentencing Commission's policy statement in § 1B1.10(b)(2)(A) provides that courts "shall not reduce the defendant's term of imprisonment under . . . § 3582(c)(2) . . . to a term that is less than the minimum of the amended [G]uideline[s] range." And here, although Amendment 821 lowers Hunt's overall Guidelines range, his current 25-year sentence is well below that amended Guidelines range.

As a final matter, we deny Hunt's request for appointed counsel. *See*

*Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional

right to counsel beyond the direct appeal of a criminal conviction.").

## Conclusion

The district court had jurisdiction over Hunt's motion and did not abuse its

discretion in denying it, so we affirm the district court's denial. And we deny Hunt's

motion to appoint counsel.

Entered for the Court


Nancy L. Moritz
Circuit Judge